UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| TRUSTEES OF THE ELECTRICAL WORKERS HEALTH AND WELFARE TRUST; TRUSTEES OF THE ELECTRICAL WORKERS PENSION TRUST; AND TRUSTEES OF THE LAS VEGAS ELECTRICAL JOINT APPRENTICESHIP AND TRAINING TRUST FUND, | ) ) ) ) ) ) ) ) | 2:07-cv-00724-LRH-LRL  ORDER |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| WILLIAM CAMPBELL, an individual; HEATHER NOWSKE, an individual; KENNETH SLATER, an individual; NORMAN BARTON, an individual; and RON SLATER, an individual, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

Before the court is Plaintiffs Trustees of the Electrical Workers Health and Welfare Trust, Trustees of the Electrical Workers Pension, and Trustees of the Las Vegas Electrical Joint Apprenticeship and Training Trust Fund's (collectively "Plaintiffs") Application for Default Judgment (#26[1]). Defendants William Campbell, Heather Nowske, Kenneth Slater, Norman Barton, and Ron Slater (collectively "Defendants") have not responded.

---

[1] Refers to the court's docket entry number.

Case 2:07-cv-00724-LRH-LRL   Document 28   Filed 10/07/09   Page 2 of 4

1    Obtaining a default judgment is a two-step process governed by Federal Rule of Civil
2 Procedure 55. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, Rule 55(a) provides,
3 "When a party against whom a judgment for affirmative relief is sought has failed to plead or
4 otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the
5 party's default." Second, after the clerk enters default, a party must seek entry of default judgment
6 under Rule 55(b).

7    Upon entry of default, the court takes the factual allegations in the non-defaulting party's
8 complaint as true. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)
9 (citation omitted). Nonetheless, while entry of default by the clerk is a prerequisite to an entry of
10 default judgment, "a plaintiff who obtains an entry of default is not entitled to default judgment as a
11 matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004)
12 (citation omitted). Instead, whether a court will grant a default judgment is in the court's
13 discretion. *Id.* (citations omitted).

14    The Ninth Circuit has identified the following factors as relevant to the exercise of the
15 court's discretion in determining whether to grant default judgment: (1) the possibility of prejudice
16 to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the
17 complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning
18 material facts; (6) whether the default was due to the excusable neglect; and (7) the strong policy
19 underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at
20 1471-72.

21    The court has reviewed the complaint and finds the allegations contained therein, as well as
22 the evidence submitted by Plaintiffs, insufficient to support the entry of default judgment. In
23 relevant part, ERISA defines a fiduciary as a person who (1) exercises any discretionary authority
24 or control over the management of the plan or the disposition of the plan's assets or (2) "has any
25 discretionary authority or discretionary responsibility in the administration of [the] plan." 29
26

2

U.S.C. § 1002(21)(A). Thus, ERISA "defines fiduciary not in terms of formal trusteeship, but in functional terms of control and authority over the plan . . . ." *Kayes v. Pac. Lumber Co.*, 51 F.3d 1449, 1459 (9th Cir. 1995) (*quoting Mertens v. Hewlett Associates*, 508 U.S. 248, 262 (1993)). To establish that Defendants are liable under ERISA for breach of their fiduciary duties, Plaintiffs must demonstrate that (1) the unpaid contributions are trust assets, and (2) Defendants exercised a level of authority or control over those assets sufficient to make them fiduciaries. *See Rahm v. Halpin*, 566 F.3d 286, 289 (2d Cir. 2009); *Trustees of the S. Cal. Pipe Trades Health & Welfare Trust Fund v. Temecula Mech., Inc.*, 438 F. Supp. 2d 1156, 1162 (C.D. Cal. 2006).

While the complaint alleges in a conclusory manner that Defendants control whether Vission paid the required contributions to the trusts, the complaint fails to allege facts indicating the specific position each defendant holds in the corporation. Similarly, the complaint does not identify Defendants' duties and authority within their respective positions, including whether they are involved in the payment of contributions to the trusts or are otherwise involved in the management of the trusts or the trusts' assets.

"Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment." *Televideo Sys.*, 826 F.2d at 917. In particular, under Rule 55(b)(2)(C), the court may require the moving party to "establish the truth of any allegation by evidence." Fed. R. Civ. P. 55(b)(2)(C). Here, before entering default judgment, the court will require Plaintiffs to provide evidence supporting their allegation that Defendants are fiduciaries within the meaning of 29 U.S.C. § 1002(21)(A). This may include evidence of the position each defendant holds, Defendants' duties and authority in their respective positions as they relate to the management of the trusts and the distribution of contributions to the trusts, and any other evidence indicative of whether Defendants exercise a level or authority or control over the trusts' management or assets sufficient to make them fiduciaries.

IT IS THEREFORE ORDERED that Plaintiffs shall have thirty (30) days from the entry of

this order to submit evidence demonstrating that Defendants are fiduciaries within the meaning of 29 U.S.C. § 1002(21)(A).

IT IS SO ORDERED.

DATED this 7th day of October, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE